# DECISIONS

# COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1905.

Case 5.—GEORGE WOELFEL WAS INDICTED FOR MALI-
CIOUS SHOOTING WITH INTENT TO KILL.—September 22.

## Commonwealth v. Woelfel.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Defendant adjudged insane, and Commonwealth
appeals.    Affirmed.

1. Criminal Law—Inquiry as to Sanity of Defendant—Upon an
   inquiry before a jury as to a defendant's sanity where he is
   under an indictment charged with crime, his wife is not a
   competent witness for him for the reason that the result of
   the inquiry may be to protect the husband from trial and
   punishment.
2. Same—The rule in a proceeding of this character is whether
   the accused is sufficiently sane to appreciate the situation
   and act advisedly in informing his counsel and to intelligently
   conduct his case as to secure him a fair and impartial trial.

M. L. GALVIN, N. B. HAYS and C. H. MORRIS for appellant.

1. Our contention is that when a person charged with crime
interposes as a bar to a trial on that charge his "present in-

Commonwealth  v.  Woelfel.

sanity," that the test to be applied is not the test of right or wrong, but whether or not the defendant at that time is capable of making a rational defense to the criminal charge against him.

2. The wife of the defendant in such inquiry is not a competent witness for him.

### AUTHORITIES CITED.

Ky. Stats., secs. 1166, 2156; Criminal Code of Ky., sec. 156; Civil Code of Ky., sec. 606; Portwood v. Commonwealth, 104 Ky., 496; Robinson on Criminal Law, vol. 1, p. 33; Bishop's Criminal Procedure, vol. 2, sec. 667; Carr on Trial of Lunatics, p. 92; Cleninger on Medical Jurisprudence of Insanity, vol. 1, 196; Bishop's New Criminal Law, sec. 396; Freeman v. People, 4 Deneo, 9; State v. Rhinelander, 2 N. Y. Crim. Reps., 335; Rex v. Pritchard, 7 C. & R. Eng. Reps., 303; Guaagando v. State, 41 Texas, 626; State v. Arnold, 4 Iowa, 479; McClain on Criminal Law, sec. 166; Rev. Stat. of Ohio, sec. 7240; State of Ohio v. O'Grady, 2 Nisi Prius, 279.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Appellee was indicted for the crime of malicious shooting with intent to kill; and, an affidavit being filed by a physician to the effect that he was of unsound mind, the court ordered a jury impaneled to inquire as to his sanity under sec. 156 of the Criminal Code of Practice, which is as follows: "If the court shall be of opinion that there are reasonable grounds to believe that the defendant. is insane, all proceedings in the trial shall be postponed until a jury be impaneled to inquire whether the defendant is of unsound mind, and if the jury find that he is of unsound mind, the court shall direct that he be kept in prison or conveyed by the sheriff to the nearest lunatic asylum, and there kept in custody by the officers thereof until he be restored, when he shall be returned to the sheriff on demand, to be reconveyed by him to the jail of the county."

The rule governing this proceeding is thus stated in Bishop on Criminal Procedure, secs. 666-668.

"Sec. 666. Present insanity implies a disability to employ, control, or discharge counsel. And the doctrine is believed to be that, when the court sees a reasonable ground to institute or persevere in this defense, it will take care that the prisoner has suitable counsel therein, whom it will not permit him to reject, restrain or dismiss. An insane man can not even plead to an indictment. Therefore, if, at the arraignment, counsel have reason to suppose their client too insane properly to take his trial, they should make the objection. This, it is believed, can be adequately done orally to the court. Or the objection may proceed from a third person on affidavit. Or the court may take it on its own observations. * * *

"Sec. 667. The time to which this inquiry relates is, it is perceived, the present—what is the mental condition now, not what it was when the offense was committed. And the test of insanity is not precisely the same as on the main issue, but it is whether the prisoner is competent to make a rational defense.

"Sec. 668. The object of this inquiry being, in the main, to inform the judge, it seems that he need not limit the evidence by strict rules. The prisoner, for example, may be permitted to make statements and observations to the court and the jury, and what the latter see and hear of him they may take into the account. * * * The jury's finding, on this preliminary question, that the prisoner is not insane, is not to be received as evidence against him on the trial of the main issue."

On the trial before the jury, the court, over the objection of the Commonwealth, allowed the defendant's wife to testify in his behalf, and at the conclusion of the evidence on behalf of the defendant the court refused to allow the Commonwealth to prove by three physicians that

the defendant could on that day make a rational defense to the criminal charge against him. At the conclusion of the evidence the court instructed the jury that, if they believed from all the evidence that the defendant was a person of unsound mind at that time, they should so find, and refused instructions asked by the Commonwealth to the effect that un-soundness of mind in a trial of this sort is that condition of mind where the defendant is incapable of remembering the past events of his life and presenting them to his counsel, or of appreciating what is going on about him, or of making a rational defense to the criminal charge against him. The jury found the defendant of unsound mind, and the Commonwealth appeals.

A wife is not a competent witness for her husband, and, while the inquiry here is not limited by the strict rules of evidence, the result of it is to protect the defendant from trial and punishment if found of unsound mind, and his wife can no more testify for him on this issue than on any other. But every fact testified to by the wife was in effect proved by other witnesses, whose testimony was uncontroverted, and we do not see that the Commonwealth was prejudiced by the admission of the wife as a witness.

The testimony of the three physicians offered on behalf of the Commonwealth should have been admitted, if a proper foundation had been laid; but it is not shown that they had ever examined or treated the defendant, or that they in any way had sufficient facts before them to make their opinion of any value to the jury. The jury had before them the conduct of the defendant, and he was also before them.

The rule in a proceeding of this kind is that the inquiry is whether the accused is sane enough to appreciate his situation, to act advisedly in informing

his counsel, and to rationally and intelligently conduct his case, so as to secure him a fair and impartial trial. (1 Robinson on Criminal Law, p. 33; Carr on Trial of Lunatics, p. 92; Freeman v. People, 4 Denio, 9, 47 Am. Dec., 216; Guagando v. State, 41 Tex., 626.)

The principle governing where the defendant's mind is diseased is not different from that where he is suffering from disease from some other organ. He must be in a condition to conduct his case rationally and intelligently, so that he may have a fair trial. The court should have instructed the jury as above indicated; but under all the evidence we have great doubt that the instruction, if given, would have affected the result.

Under the facts shown by the record we are satisfied that the ends of justice will not be promoted by a new trial. The defendant is in an insane asylum, and when he is restored to his mind may be tried for the offense charged against him.

Judgment affirmed.